UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD LOREN ANDERSON,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>DARREN YOUNG, SD STATE PENITENTIARY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>　　　　　Respondents. | 4:15-CV-04098-KES<br><br>ORDER |

## INTRODUCTION

Petitioner, Donald Loren Anderson ("Mr. Anderson") an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated October 16, 2014.

## BACKGROUND

Mr. Anderson was convicted in a jury trial of sexual contact with a child under the age of 16. The trial court sentenced him to 10 years in the penitentiary and required him to register as a sex offender. Mr. Anderson

appealed and the South Dakota Supreme Court affirmed his conviction on May 8, 2013.

Thereafter, Mr. Anderson filed a state habeas petition, but the record is unclear as to when. The South Dakota Supreme Court denied Anderson's motion for certificate of probable cause on that state habeas petition on June 12, 2014. Anderson filed this federal habeas corpus petition on May 28, 2015.

## DISCUSSION

### A.    Rule 4

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order . . .

This Court's preliminary review, required by Rule 4, reveals that Anderson's pending § 2254 petition may be barred by the AEDPA statute of limitations.

### B.    AEDPA Statute of Limitations

The AEDPA contains a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**    **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the

2

>  judgment of a State court. The limitation period shall run from the latest of—
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

3

The statute of limitation for § 2254 petitions is subject to tolling.  See 28 U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).  The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction."  Id. State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court."  Jihad, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."

4

Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The AEDPA statute of limitations for Mr. Anderson would have begun to run 90 days after the South Dakota Supreme Court affirmed his conviction in his direct appeal; that date is August 6, 2013 (May 8, 2013 plus 90 days). The filing of Mr. Anderson's state habeas petition, the date of filing of which is unknown, would have tolled the running of the statute of limitations. The denial of state habeas relief to Mr. Anderson was final on June 12, 2014. The AEDPA statute of limitations would have resumed running on this date. From June 12, 2014, until the filing of Mr. Anderson's federal habeas petition in this court on May 28, 2015, 350 days elapsed. Therefore, depending on how many days elapsed between August 6, 2013 and the filing of Mr. Anderson's state habeas petition, Mr. Anderson's request for habeas relief in this court may be time-barred.

The Court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the Court must "assure itself that

the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.[1] Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

## CONCLUSION and ORDER

With the above general principles in mind, and having preliminarily reviewed Anderson's § 2254 petition, IT IS ORDERED:

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, copies of Anderson's petition (Docket 1) and this Order;

(2) On or before July 17, 2015, all parties including Mr. Anderson shall file briefs, documentation, and/or other appropriate authority showing cause why Mr. Anderson's federal habeas petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

DATED June 17, 2015.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge

---

[1] The Day Court did not displace the district court's duty pursuant to Rule 4, to screen and dismiss, if indicated, a petition that is clearly barred by the AEDPA statute of limitations. Day, 547 U.S. at 207-10. Because this case presents a close call, however, the court chose to follow the procedure outlined in Day.