UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD LOREN ANDERSON,<br><br>      Petitioner,<br><br>vs.<br><br>DARREN YOUNG, SD STATE PENITENTIARY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>      Respondents. | 4:15-CV-04098-KES<br><br>MEMORANDUM OPINION AND ORDER |

  Petitioner, Donald Loren Anderson, is an inmate at the Mike Duffee State Prison in Springfield, South Dakota. On June 26, 2015, he filed a petition for writ of habeas corpus under to 28 U.S.C. § 2254. Docket 1. The petition was assigned to United States Magistrate Judge Veronica L. Duffy under to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings. Respondents move to dismiss for failure to state a claim upon which habeas relief may be granted. Magistrate Judge Duffy recommends dismissing the petition. Docket 17. Anderson objects to this recommendation. Docket 23. Anderson's objections are overruled, the report and recommendation is adopted, and respondents' motion is granted.

## FACTUAL BACKGROUND

In December of 2011, Anderson was convicted of sexual contact with a child under the age of sixteen years in violation of SDCL 22-22-7, a class 3 felony. Docket 13-1. On direct appeal, Anderson raised the following issues: (1) whether his arraignment was inadequate; and (2) whether the trial court abused its discretion in denying his motion for a new trial because it failed to enter a specific finding that KH, the minor victim, was a competent witness. Docket 13-6. On May 8, 2013, the South Dakota Supreme Court affirmed Anderson's conviction. *State v. Anderson*, 831 N.W.2d 54 (S.D. 2013).

Anderson then filed a pro se, handwritten state habeas petition. The Honorable Arthur Rusch, Circuit Court Judge for the First Judicial Circuit, held a habeas hearing on December 16, 2013. Docket 13-13. In his petition, Anderson alleged two violations of his constitutional rights: (1) prosecutorial misconduct, and (2) ineffective assistance of counsel. Docket 13-9. Anderson's appointed habeas counsel, Dava Wermers, explained that she and Anderson agreed to forego presenting evidence on Anderson's prosecutorial misconduct claims. Docket 13-12 at 76-77. Judge Rusch indicated that he would review the jury trial transcript and independently determine whether any prosecutorial misconduct occurred. *Id.*

During his state habeas hearing, Anderson alleged and presented evidence that his trial counsel, Phil Carlson, was ineffective by: (a) failing to investigate whether the recording of his interview had been tampered with;

2

(b) failing to adequately impeach KH on cross-examination with inconsistencies between his trial testimony and the video statement he gave to authorities; (c) failing to call a medical professional to testify about the effects of Anderson's erectile dysfunction; and (d) failing to call other children as character witnesses. *See* Docket 13-9. On December 22, 2013, Judge Rusch issued a Memorandum Opinion denying all of Anderson's claims. Docket 13-13. Thereafter, on April 4, 2014, Judge Rusch denied Anderson's motion for a certificate of probable cause. Docket 13-18.

Through his appointed counsel, Anderson moved the South Dakota Supreme Court for a certificate of probable cause. Docket 13-17. Anderson requested that the South Dakota Supreme Court review the trial court's denial of his prosecutorial misconduct and ineffective assistance of counsel claims. *Id.* On June 12, 2014, the South Dakota Supreme Court denied Anderson's motion for certificate of probable cause. Docket 13-20.

Anderson timely filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254. Anderson raises two claims: (1) prosecutorial misconduct; and (2) ineffective assistance of counsel. Docket 1. Attached to Anderson's § 2254 petition is the original handwritten description of Anderson's claims that were filed in state court. *Id.*

As to the prosecutorial misconduct claim, Anderson alleges: (a) the prosecutor lied to the jury when he told them Anderson "massaged" KH's penis for sexual gratification; (b) the prosecutor told the jury that Anderson lied

3

about his erectile dysfunction; (c) the prosecutor told the judge that Anderson was a "world traveler" to persuade the judge to imprison Anderson; (d) the prosecutor used tampered evidence (the audio compact disc that contains the interview with Anderson); and (e) the prosecutor corrupted KH by telling him what to say. *Id.* Magistrate Judge Duffy recommends dismissal of Anderson's prosecutorial misconduct claims (c), (d), and (e) because Anderson procedurally defaulted on those claims and failed to show cause for the procedural default. Docket 17 at 33. Magistrate Judge Duffy also recommends that procedural misconduct claims (a) and (b) be dismissed as meritless because the prosecutor did not make any improper remarks to the jury in closing arguments. Docket 17 at 34-36.

As to the ineffective assistance of counsel claim, Anderson asserts counsel was ineffective by: (a) failing to object to KH's testimony and failing to impeach KH's truthfulness; (b) failing to interview a particular detective about statements made by KH; (c) failing to test the CD of Anderson's recorded interview for evidence of tampering; (d) failing to introduce medical evidence regarding Anderson's erectile dysfunction; (e) failing to introduce the videotaped interview of the minor victim; (f) failing to object to the prosecutor's statements about sexual gratification; (g) failing to allow Anderson to see or read the psychosexual evaluation before sentencing; (h) failing to call other children as character witnesses; and (i) charging too much money. Docket 1.

4

Magistrate Judge Duffy recommends that the court dismiss Anderson's ineffective assistance of counsel claims (a), (b), (e), (f), (g), and (i) as procedurally defaulted. Docket 17 at 22-33. Magistrate Judge Duffy recommends that the court dismiss claims (c), (d), and (h) as meritless. *Id.* at 36-47. First, Magistrate Judge Duffy recommends finding that Anderson's counsel was not ineffective for failing to test the CD interview for tampering because the CD did not contain any irregularities that would indicate tampering. *Id.* at 40-41. Also, she states that, even if parts of the recording were deleted, the alleged contents of those parts would not have been sufficient to grant habeas relief. *Id.* Second, Magistrate Judge Duffy recommends finding that Anderson's counsel was not ineffective for failing to introduce evidence of Anderson's erectile dysfunction because this evidence would have been unhelpful to Anderson's case. *Id.* at 42-44. Finally, Magistrate Judge Duffy recommends finding that Anderson's counsel was not ineffective for failing to call other children as character witnesses because such testimony would have opened the door for the prosecution to present its own negative character witnesses. *Id.* at 44-47.

Respondents now move to dismiss Anderson's § 2254 petition pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 2254. Docket 14. Anderson moves for summary judgment. Docket 11; Docket 16. Magistrate Judge Duffy recommends that respondents' motion to dismiss be granted, that Anderson's

5

motions for summary judgment be denied, and that his habeas petition be dismissed *with prejudice*. Docket 17 at 47.

On May 25, 2016, Anderson timely filed objections to the Report and Recommendation. In his objection, Anderson alleges (1) prosecutorial misconduct, and (2) ineffective assistance of counsel. Docket 23. As to prosecutorial misconduct, Anderson alleges that the prosecutor coerced KH at trial. *Id.* As to the ineffective assistance of counsel, Anderson alleges that his trial counsel failed to check a file that was presented to the jury, which resulted in the jury receiving inadmissible evidence. *Id.* Anderson also alleges that his appointed state habeas counsel was ineffective at his state habeas hearing because she failed to present evidence of prosecutorial misconduct regarding the inadmissible files. *Id.*

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se [filing] must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780

6

F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

## DISCUSSION

### I. Prosecutorial Misconduct

Anderson reasserts his allegations of prosecutorial misconduct in his objection. Specifically, Anderson alleges that KH's testimony at trial was coerced because it was inconsistent with his video testimony, and Anderson alleges for the first time that he personally witnessed the prosecutor engage in improper conduct with KH outside the courtroom during trial. Docket 23. Anderson argues that, as a result of the prosecutor's improper conduct, the prosecutor coerced KH's testimony at trial. *Id.* Magistrate Judge Duffy recommends that three of Anderson's prosecutorial misconduct claims are procedurally defaulted—including Anderson's claim that the prosecutor coerced KH's trial testimony. Docket 17 at 33. In his objection, Anderson does not provide any factual basis to refute that this claim is procedurally defaulted. His objection does not satisfy Rule 72(b) because it does not specifically address Magistrate Judge Duffy's recommendation, and it does not offer specific facts addressing and explaining the procedural default.

Anderson also asserts, for the first time, that the prosecutor presented a file to the jury that contained inadmissible evidence. Docket 23. He points to certain "discovery documents" as evidence that there were improper reports presented to the jury. Docket 23. Anderson requested, Docket 19, and the

7

court granted, Docket 20, an order to produce Anderson's criminal file including "police reports, audio disks, video disks, and psychological evaluations related to plaintiff." *Id.* Anderson states that "these documents did contain banned reports . . . that are false," Docket 23, and asserts that this is proof that the jury received inadmissible evidence. In the interest of a thorough evaluation of Anderson's claims, this court will address this new factual assertion as it relates to prosecutorial misconduct here, and it will address this claim as it relates to ineffective assistance of counsel in the next section.

Anderson received a copy of the documents in the prosecutor's file. Assuming that Anderson's criminal file includes inadmissible evidence, the mere presence of such evidence in Anderson's file does not prove that the evidence was presented to the jury during trial. Anderson's criminal file merely includes all the evidence that was gathered by the prosecutor regardless of whether or not it was used at trial. The fact that the evidence was in the prosecutor's possession does not prove that it was admitted as evidence during trial. Therefore, Anderson's assertion that the jury received inadmissible evidence is not supported by any facts or legal arguments. Anderson's objection is overruled, the report and recommendation is adopted, and the claim is dismissed.

## II. Ineffective Assistance of Counsel

In his objection, Anderson reasserts that his trial counsel and his appointed habeas counsel were ineffective. Specifically, Anderson alleges that his trial attorney "did not check the file prosecutor [] sent to jury, [and] this file contained reports banned by Judge O'Brien." Docket 23 at 1. Anderson also states that his habeas counsel was ineffective because she did not pursue prosecutorial misconduct based on the improper file Anderson alleges the prosecutor presented to the jury. *Id.* This court addressed Anderson's improper file claim as it relates to prosecutorial misconduct in the above section. But pro se filings are to be liberally construed, and, in the interest of a thorough evaluation, the court will interpret Anderson's objection as it relates to claims (a), (f), and (g) of his original § 2254 petition because these claims relate to his attorney's admission of improper evidence at trial.

Magistrate Judge Duffy recommends that these three claims be dismissed because they are procedurally defaulted, and Anderson does not specifically object to that finding.  Therefore, Anderson's objection does not satisfy Rule 72(b) because it does not specifically address Magistrate Judge Duffy's recommendation, and it does not offer specific facts addressing and explaining the procedural default. Even if the claim was not procedurally defaulted, Anderson has not presented any evidence to show that inadmissible evidence was actually presented to the jury. Thus, Anderson's objection is overruled.

9

Anderson also raises a claim for ineffective assistance of counsel against his appointed habeas counsel. Anderson argues that his habeas counsel "was ineffective at state habeas hearing as she did not pursue prosecutor misconduct in his presentation of file to [the] jury." Docket 23. Initially, Anderson's claims for prosecutorial misconduct alleged that the prosecutor made inappropriate comments to the jury during closing arguments. Docket 13-9. According to the trial transcript, Anderson's habeas attorney indicated that she and Anderson agreed not to present evidence on prosecutorial misconduct, and Anderson did not object. Docket 13-12 at 76-77.

Anderson's claim that his habeas attorney was ineffective because she failed to present evidence that the prosecutor introduced an improper file to the jury is denied for two reasons: (1) leading up to his habeas hearing, Anderson's only claim for prosecutorial misconduct dealt with the prosecutor's closing argument and not an improper file, and (2) Anderson's habeas attorney indicated that they both agreed not to present evidence relating to prosecutorial misconduct, and Anderson did not object. Docket 13-12 at 76-77. Anderson's habeas attorney cannot be ineffective for failing to present evidence on a claim that Anderson did not allege until now.

## CONCLUSION

Anderson has failed to provide a specific, factual objection to Magistrate Judge Duffy's findings. Instead, Anderson introduced entirely new factual claims that do not address nor rebut Magistrate Judge Duffy's recommendations.

This court adopts Magistrate Judge Duffy's recommendation. Therefore, it is ORDERED

(1) That Anderson's objections [Docket 23] are overruled,

(2) Magistrate Judge Duffy's report and recommendation [Docket 17] is adopted in full,

(3) respondents' motion to dismiss [Docket 14] is granted,

(4) petitioner's motions for summary judgement [Docket 11; Docket 16] are denied, and

(5) petitioner's habeas petition is dismissed *with prejudice.*

Dated August 16, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE